

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00071-CV

IN RE DAVID J. ALARID

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

David J. Alarid has filed a petition for a writ of mandamus asking this Court to compel the Honorable Judge of the 62nd Judicial District Court of Lamar County, Texas to vacate a contempt order. We deny Alarid's requested relief since his petition does not meet the requirements of the Texas Rules of Appellate Procedure.

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure requires a relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding[.]" TEX. R. APP. P. 52.7(a)(1). Some of the documents attached to Alarid's petition are neither certified nor sworn to and appear to contain matters not filed in the underlying proceeding. "'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)).

The lack of a proper appendix or record also affects Alarid's certification of his petition. A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(k). Although Alarid's petition includes an unsworn declaration, he said that "every factual statement is supported by competent evidence included in or fairly drawn from the *exhibits and record*

2

*materials cited herein*," not the appendix or record.  (Emphasis added).  *See id.*  Moreover, the appendix here contains matters not filed with the trial court.

Because Alarid did not comply with the Texas Rules of Appellate Procedure, we deny his petition for a writ of mandamus.[1]


Scott E. Stevens
Chief Justice

Date Submitted:	May 20, 2026
Date Decided:	May 21, 2026

---

[1]Because we deny Alarid's petition, we overrule his request for emergency relief as moot.